UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

| | |
|---|---|
| YOUNG CENTER FOR IMMIGRANT CHILDREN'S RIGHTS, et al., <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF HOMELAND SECURITY, et al., <br><br> Defendants. | Civil Action No. 24-2100 (RC) |

## ANSWER

Defendants Department of Homeland Security ("DHS") and its components Immigration and Customs Enforcement ("ICE") and Office for Civil Rights and Civil Liberties ("CRCL", collectively "Defendants") answers Plaintiffs' Complaint, ECF No. 1, in this Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") case.  Defendants reserve their right to amend, alter, or supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of the litigation.  Defendants deny each allegation of the Complaint not expressly admitted in its Answer.  Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiffs; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action.  Defendants respond to the separately numbered paragraphs of the Complaint as follows:

**RESPONSES TO THE NUMBERED PARAGRAPHS**

1. Paragraph 1 contains Plaintiff's characterization of this action to which no response is required. To the extent a response is required, Defendants admit that this action is brought under the FOIA and that Plaintiffs seek certain records pursuant to FOIA request submitted to Defendant on August 21, 2023. Defendants respectfully refer the Court to Plaintiffs' FOIA request for a true and accurate reading of their contents. Defendant ICE admits that, to date, the Plaintiffs have not received a determination or any documents.

**Jurisdiction and Venue[1]**

2. Paragraph 2 consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over claims involving proper FOIA request, subject to the terms and limitations of the FOIA.

**Parties**

3. The allegations contained in paragraph 3 consist of Plaintiffs' characterization of Plaintiff Young Center for Immigrant Children's Rights, to which no response is required. To the extent that a response is deemed required, Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

4. The allegations contained in paragraph 4 consist of Plaintiffs' characterization of Plaintiff Immigrant Defenders Law Center, to which no response is required. To the extent that a response is deemed required, Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

---

[1] For ease of reference, Defendant refers to Plaintiffs' headings and titles, but to the extent those headings and titles could be construed to contain factional allegations, those allegations are denied.

5. The Department admits that it is a federal agency within the meaning of 5 U.S.C. § 552(f)(1). The remainder of this paragraph contains legal conclusions, to which no response is required.

6. Defendant ICE admits that it is a component of the Department of Homeland Security. The remainder of this paragraph contains legal conclusions, to which no response is required.

7. Defendant CRCL admits that it is a component of the Department of Homeland Security. The remainder of this paragraph contains legal conclusions, to which no response is required.

**Facts**

**The Young Adult Case Management Program**

8. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

9. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims

of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

10. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

11. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

12. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

**Plaintiffs' FOIA Request, Correspondence with Defendants, and their Administrative Appeal**

13. Defendants admit that the Department and ICE received a FOIA request (the "Request") from Plaintiffs dated August 21, 2023, and respectfully refer the Court to Plaintiffs' Request for a complete and accurate description of its contents and deny any allegations inconsistent therewith.

14. Defendants admit that Plaintiffs requested a FOIA fee waiver, and respectfully refer the Court to the contents of the Plaintiffs' Request for a complete and accurate reading of its contents and deny any allegations inconsistent therewithin. The remaining allegations consist of legal conclusions, to which no response is required. To the extent that a response is deemed required, the allegations are denied.

15. Paragraph 15 consists of Plaintiffs' description of their Request. Defendant ICE respectfully refers the Court to the Request for a complete and accurate description of its contents and deny any allegations inconsistent therewith.

16. The allegations in paragraph 16 consist of Plaintiffs' characterization of communications from Defendants. To the extent that a response is required, Defendants respectfully refer the Court to the cited communications for the best evidence of their contents and deny the allegations to the extent that they fail to accurately characterize them.

17. Defendants deny the allegation in paragraph 17.

18. The allegations in paragraph 18 consist of Plaintiffs' characterization of communications with Defendants. To the extent that a response is required, Defendants respectfully refer the Court to the cited communications for the best evidence of their contents and deny the allegations to the extent that they fail to accurately characterize them.

19.     The allegations in paragraph 18 consist of Plaintiffs' characterization of communications with Defendants. To the extent that a response is required, Defendants respectfully refer the Court to the cited communications for the best evidence of their contents and deny the allegations to the extent that they fail to accurately characterize them.

20.     The allegations in paragraph 20 consist of Plaintiffs' characterization of communications with Defendants. To the extent that a response is required, Defendants respectfully refer the Court to the cited communications for the best evidence of their contents and deny the allegations to the extent that they fail to accurately characterize them.

21.     Defendant ICE admits that on August 25, 2023, it sent an email acknowledging receipt of the Plaintiffs' Request, assigning it tracking number 2023-ICFO-39614, and respectfully refers the Court to the acknowledgement email for a complete and accurate description of its contents, and denies any allegations inconsistent therewith.

22.     Defendant ICE admits that on December 19, 2023, it received a status update request from Plaintiffs and responded on December 20, 2023. Defendant ICE respectfully refers the Court to the December 20, 2023, email for a complete and accurate description of its contents, and denies any allegations inconsistent therewith.

23.     As to the first sentence of Paragraph 23, Defendant ICE admits that as of February 2024, six months had passed since Plaintiffs filed their Request and that Plaintiffs had not received a final FOIA response as of February 2024. The second sentence of Paragraph 23 consists of legal conclusions, to which no response is required. To the extent that a response is deemed required, ICE admits that the FOIA provides certain timeframes for responses to FOIA requests and respectfully refers the Court to the FOIA for a complete and accurate description of its contents and denies any allegations inconsistent therewith. As to the third sentence of Paragraph 23,

Defendant ICE admits that it received an administrative appeal from Plaintiffs on February 7, 2024, and responded to that appeal on March 7, 2024. Defendant ICE respectfully refers the Court to the FOIA appeal ("Appeal") for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

24. Defendant ICE admits that, on March 20, 2024, Plaintiffs' Appeal was administratively closed and clarifies that the appeal was administratively closed because Plaintiffs' original Request was still pending and being processed. Defendant ICE respectfully refers the Court to the Appeal for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

25. Defendant CRCL admits that on February 7, 2024, Plaintiffs requested that CRCL provide an update on the status of revised item 4, which had been referred to CRCL, and that CRCL responded to Plaintiffs' request. Defendant CRCL respectfully refers the Court to the quoted communication for a complete and accurate description of its contents and denies any allegations inconsistent therewith. Defendant ICE denies that revised item 4 was referred to ICE but admits that item 4 of Plaintiffs' Request, as originally worded, was included in the original Request received by ICE on August 21, 2023.

**Defendants Have Failed to Issue a Timely Determination and Produce the Requested Documents**

26. The allegations in Paragraph 26 consist of legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendants admit that the FOIA provides certain timeframes for responses to FOIA requests and respectfully refer the Court to the FOIA for a complete and accurate description of its contents and deny any allegations inconsistent therewith.

27. The allegations in Paragraph 27 consist of legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendants admit that the FOIA provides certain timeframes for responses to FOIA requests and respectfully refer the Court to the FOIA for a complete and accurate description of its contents and deny any allegations inconsistent therewith.

28. The allegations in Paragraph 28 consist of legal conclusions, to which no response is required.

29. Defendant ICE admits that it invoked a ten-day extension on August 25, 2023, and respectfully refers the Court to the acknowledgment email for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

30. Defendant ICE admits that Plaintiffs' fee waiver request has yet to be considered or decided.

31. Defendant ICE admits that as of the filing of the Complaint it has not provided Plaintiffs with a final FOIA response or produced any documents relating to Plaintiffs' Request.

32. The allegation in Paragraph 32 consists of a legal conclusion, to which no response is required. To the extent that a response is deemed required, Defendant ICE respectfully refers the Court to the FOIA for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

**Claim for Failure to Produce Documents in Violation of FOIA and Its Implementing Regulations**

33. The allegation in Paragraph 33 consists of a legal conclusion, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the FOIA for a complete and accurate description of its contents and deny any allegations

inconsistent therewith. To the extent that a further response is required, Defendants deny the allegations in paragraph 33.

### Remedy

The remaining portion of the Complaint consists of Plaintiffs' request for relief to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

Defendants deny all allegations in the Complaint not expressly admitted or denied.

### DEFENSES

In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, or supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12.

### First Defense

The Court lacks subject-matter jurisdiction over Plaintiffs' request for relief that exceeds the relief authorized under the FOIA.

### Second Defense

Plaintiff is neither eligible for nor entitled to injunctive relief, declaratory relief, mandamus, attorney's fees, costs of suit, or any damages or relief whatsoever.

### Third Defense

At all times alleged in the Complaint, Defendants acted in good faith, with justification, and pursuant to authority, and exceptional circumstances exist that necessitate additional time for Defendants to process Plaintiffs' FOIA Request.

### Fourth Defense

Plaintiffs' FOIA Request, in whole or in part, does not reasonably describe the records sought, and therefore does not comply with the FOIA and/or does not trigger a search or production obligation.

### Fifth Defense

Plaintiffs FOIA request, in whole or in part, requires analysis and therefore does not comply with the FOIA and/or does not trigger a search or production obligation.

### Sixth Defense

Some or all the records and requested information in Plaintiffs' FOIA requests are exempt or excluded from release in whole or in part, and foreseeable harm would result from the release of this information.

### Seventh Defense

Defendant is not improperly withholding any responsive records.

### Eight Defense

Plaintiffs failed to exhaust administrative remedies.

Dated:  September 18, 2024            Respectfully submitted,

MATTHEW M. GRAVES, D.C. BAR #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:            /s/ *Dimitar P. Georgiev*
DIMITAR P. GEORGIEV, D.C. Bar # 1735756
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 815-8654

*Attorneys for the United States of America*